# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Sheikh N., | Case No. 22-cv-568 (DSD/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| DHS/ICE, | |
| Respondent. | |

On May 16, 2022 Sheikh N. filed an Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his continued immigration detention pending removal to The Gambia. His order of removal became administratively final on February 4, 2022 when the Board of Immigration Appeals dismissed his appeal. Am. Pet. ¶ 11(c)(4), Dkt. No. 12; Ligon Decl. ¶ 11, Dkt. No. 20.

Once an alien is subject to a final order of removal, the Government must physically remove him from the United States within a 90-day "removal period." 8 U.S.C. § 1231(a). Detention during the removal period is mandatory. *Id.* An alien may be detained beyond the removal period if he is removable as a result of a criminal conviction. *Id.* § 1231(a)(6). Continued detention under this provision creates the "post-removal-period." *Johnson v. Guzman Chavez*, 141 S.Ct. 2271, 2281 (2021). Sheikh N.'s detention during the post-removal-period is authorized by § 1231(a)(6) because he was found removable due to his criminal conviction. *See* Ligon Decl. ¶¶ 5, 7-8 & Ex. A, Dkt. Nos. 20, 20-1.

The statute does not specify a time limit on how long the Government may detain an alien in the post-removal-period. However, the Supreme Court has read an implicit

limitation into the statute "in light of the Constitution's demands" under the Fifth Amendment's due process clause, and has held that an alien may be detained only for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis,* 533 U.S. 678, 689 (2001). That period is presumptively six months from the date the removal order is administratively final. *Id.* at 701. After that point, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release the alien. *Id.*

Sheikh N. is still within the six-month period during which his detention is presumptively reasonable under *Zadvydas.* His removal order was administratively final on February 4, 2022. He filed his original habeas petition [Dkt. No. 1] on March 4, 2022 and his amended petition [Dkt. No. 12] on May 16, 2022, just over three months after his removal order became final. Thus, his constitutional challenge to his continued detention is premature.

## RECOMMENDATION

For the reasons stated above, the Court RECOMMENDS that Petitioner Sheikh N.'s Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Dkt. No. 12] be **DENIED** as premature and this action be **DISMISSED WITHOUT PREJUDICE**.

Dated: July 5, 2022              __s/David T. Schultz_____
                                                      DAVID T. SCHULTZ
                                                      United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

2

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to the magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).